# SUPERIOR COURT

Maria Sibita Melone
vs.  No. 59,583
Columbus Exchange Bank

RESCRIPT

November 20, 1924

CAPOTOSTA, J. The plaintiff brought suit to recover a sum of money she claims was due her from the defendant bank under a deposit book which she had lost. The jury retured a verdict for the plaintiff in the sum of $128.18.

The defendant, in moving for a new trial, complains principally that the verdict is not supported by the evidence and the weight thereof.

The basis of the plaintiff's claim is a deposit book which she claims to have lost some time before May, 1921, when she first notified the defendant of its loss.

The plaintiff, a young lady in her early twenties, testified that during the year 1920 she made almost weekly deposits on this account in various amounts, possibly not exceeding $10 at any one time; that she could not remember exactly the total amount called for by the bank book in question, but that it must have been $100 or $150,around $125 or $135; that she went to the defendant a number of times with reference to this claim, but could get no information except requests for delay; that at one time Mr. Mariano Vervena, the president of

on the following Wednesday or Thursday he expected to pay her the money and interest, and that finally she was told that she never had any such account as she claimed with the bank.

On cross-examination the plaintiff testified that the account under which she was claiming was opened for her by her father about nine or eleven years ago, and that she did not recall any other account, although she would not deny having an account in her own name beside the one under which she now made claim. Her testimony with reference to a second account in her own name, represented by Defendant's Exhibit 4, was, to say the least, vague and evasive. Without, however, going into every detail of the evidence, it is sufficiently clear that the plaintiff herself rests her entire case upon an account opened for her benefit by her father some nine or eleven years previous to the trial of the case. It may be well to note here that the plaintiff is the daughter of Sylvestro Melone, of 8 Sabre street in the city of Cranston, and that Mr. Melone had six children in 1913. This brings us to a consideration of Defendant's Exhibit 1, the identification card of account No. 1095.

The plaintiff in her testimony stated that during the course of the investgation by the bank a card bearing her name was shown her, wherein her residence was given as Staples street, Cranston, and where she was described as married, with six children.

The plaintiff, with her naive demeanor, whether intentional or not, succeeded in submerging the one bit of positive evidence which, in the Court's opinion, seriously undermines the plaintiff's case. Defendant's Exhibit 1, to which the plaintiff referred, unfortunately is written in Italian, but the purpose which it sought to attain is apparent. The person for whose benefit the account was opened is

Maria Civita Melone, the present plaintiff. In the space marked "sign here," instead of the original signature of identification appears the Italian word "analfabeta," meaning illiterate. Following the words "deposit or account of" again appears the name of the plaintiff. After the word "residence" is the entry "8 Saple street, Cranston, R. I." This address is undoubtedly meant for 8 Sabre street, being nothing more, in the Court's opinion, than a phonetic spelling of the intended name, Sabre street. This spelling is most commonly explained by an insufficient knowledge of the English language as it is written or spoken on the part of either the one receiving or the one giving information. At the bottom of the identification card already referred to, after the words "husband's name" the word "husband's" being underlined in pencil, is the name Sylvestro Melone, which is, in fact, the name of the plaintiff's father. Under the heading "Remarks" appears the following entry in ink: "6,figli," which means six children, and the date in pencil, that is January 19, 1913.

While the entries on Defendant's Exhibit 1 are not in the best possible form, and are subject to charges of inaccuracies in immaterial details, such as entries with reference to geneogical matters, the real object which it sought to attain is clearly discernible, namely, that it was a trust account opened for the benefit of the plaintiff by one who at that time was illiterate and who lived in the city of Cranston at "8 Saple" street and not Staples street as the plaintiff had testified. Considering this exhibit in connection with the plaintiffs statement that her claim was based on an account opened for her benefit by her father when she was a child, and further remembering that Sylvestro Melone, the father, testified that he had six children in 1913, the year when the account under consideration was opened, the conclusion that this was the account under which the plaintiff claims is quite irresistible.

From the records of the bank, Defendant's Exhibit 3, it appears that this account No. 1095, represented by Defendant's Exhibit 1, was closed March 13, 1916. It is also clear that another account opened by or for the plaintiff in her own individual right, when she was 14 years old, represented by Defendant's Exhibit 4, was also closed March 13, 1916, as appears from Defendant's Exhibit 6. In other words, the two accounts of which the bank had any record in which the plaintiff appeared to be interested, either directly or as beneficiary, were closed under the same date.

From an exhaustive examination of all the records in the bank's possession and from a checking of all accounts which might in any way be connected with the plaintiff or her family, no trace of any other account which might refer to the plaintiff was discovered. Throughout the trial the plaintiff allowed herself a certain latitude of imagination and exaggeration, especially when she testified at the very end of the case that Mr. Vervena had called her a liar over the telephone. This was emphatically denied by Mr. Vervena, who stated in substance that he repeatedly told the young lady in answer to her persistent demands, that if she had such an account as she claimed, the bank would pay her whatever amount was due if such an account was discovered.

I do not believe that Mr. Vervena, a person of the utmost refinement and possibly open to the charge of being over courteous, ever used the language which the plaintiff attributed to him. It sounds more like a last minute attempt to attract the jury's sympathy for an apparently ingenuous young lady who was seeking to recover her savings from an established financial institution. While counsel for the plaintiff in hsi argu-

ment opposing the granting of a new trial stated that the Court should only disturb the verdict in case it appeared that plaintiff was intentionally dishonest, the Court then stated, and now repeats, that it is of the opinion that the plaintiff is acting under a serious mistake of fact, resulting possibly from the general handling by the plaintiff of the deposits on bank books of her parents, and possibly of other members of her family. In the absence of any positive evidence, the Court can not and does not ascribe in intentionally wrong motive to the plaintiff. An investigation along this line leads only to speculative phychological considerations which are not before the Court.

In view of all the circumstances, especially the testimony of the plaintiff herself, with reference to the origin of the account under which she now seeks to recover, I am of the opinion that the evidence does not support a finding for the plaintiff so as to warrant me in allowing the jury's verdict to stand.

Defendant's motion for a new trial granted.

For Plaintiff: A. H. Downing.

For Defendant: Lyman McDonnell, and Arthur J. Levy.